IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

MARIE HALL,

    Plaintiff,

v.                                                     Civil Action No. 3:10-CV-914-JAG

AUTOZONERS, LLC,

and

MICHAEL MCNICHOL,

    Defendants.

## MEMORANDUM OPINION

Plaintiff Marie Hall ("Hall") has filed a two count Amended Complaint against Autozoners, LLC ("Autozoners") and Michael McNichol ("McNichol"). Count I raises a claim of sexual harassment under Title VII, 42 U.S.C. §2000e-2, against Autozoners. Count II attempts to assert a state-law claim of infliction of emotion distress against Autozoners and McNichol. Autozoners has filed a motion for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c), contending that Hall has not stated a valid claim of infliction of emotional distress under Virginia law. For the reasons stated below, the Court GRANTS Autozoners' motion for partial judgment on the pleadings. The Court DISMISSES the infliction of emotional distress claim as to both Autozoners and McNichol.[1]

---

[1] McNichol is *pro se* and has not moved to dismiss the infliction of emotional distress claim. The plaintiff's claim against McNichol is weaker than her claim against Autozoners, and, in the interest of justice, the Court will dismiss the claim against McNichol *sua sponte*.

## Facts

The material facts that the Court accepts as true solely for purposes of resolving the motion for partial judgment on the pleadings are as follows:

The plaintiff worked at an Autozone store in the Richmond area. (Am. Compl. ¶ 5.) McNichol was the manager at the Autozone store at which the plaintiff worked. (*Id.* ¶ 6.) During the plaintiff's tenure at the store, McNichol made several harsh comments to the plaintiff. According to the Amended Complaint, he told her that he could have her fired, and told her that he would hire someone just to "make her life hell." (*Id.* ¶ 13.) He also made off color comments to the plaintiff. In her presence, he said that he wanted to have sexual intercourse with customers. Once, a fellow employee asked the plaintiff if she had any peanuts. McNichol grabbed his groin and said, "I've got your nuts right here." (*Id.* ¶ 7.)

The plaintiff reported the incident to Autozoners' corporate human resources department. (*Id.* ¶ 10.) After she reported the incident, McNichol allegedly sent a number of text messages to her asking what she had told human resources.

The Amended Complaint contains no further allegations relating to McNichol.

After reporting the incident, the plaintiff suffered additional problems with Autozoners. Autozoners forced her to relocate to another store, and reduced her hours of work. (*Id.*) She received written reprimands for misconduct that had happened well before the reported incident. (*Id.*) Autozoners made allegations about her including fraternizing with management and failing to report harassing conduct. (*Id.*)

As a result of this behavior by McNichol and Autozoners, Hall now suffers from "severe depression, nervousness, severe stress, anxiety and a diminished quality of life." (*Id.* ¶

2

36.) She "is unable to perform her duties as a wife and mother, and experienced a breakdown of her marriage, requiring her to undergo professional psychological treatment . . . ." (*Id.* ¶ 37.)

Relying on these allegations, the plaintiff attempts to state a claim of infliction of emotional distress against Autozoners and McNichol.

## Discussion

Although the tort of infliction of emotional distress without physical harm is recognized in Virginia, it is "not favored." *SuperValu, Inc. v. Johnson*, 276 Va. 356, 370, 666 S.E.2d 335, 343 (2008). The courts have expressed concern over the ease with which the tort can be falsified. "[T]here are inherent problems in proving a claim alleging injury to the mind or emotions in the absence of accompanying physical injury." *Id.*

The courts also have recognized that society is a rough and tumble outfit. Inherent in contact with others are snubs, insults, and tasteless comments. Given the inevitability of offensive conduct, two human traits make the tort of infliction of emotional distress troublesome. First is the matter of taste: one man's art is another man's obscenity. Second is sensibility: what most people perceive as good natured ribbing can be, to the thin-skinned, grievously insulting. As the Supreme Court of Virginia has observed: "If everyone was allowed damages for injuries to his feelings caused by someone else, the chief business of mankind might be fighting each other in the courts." *Bowles v. May*, 159 Va. 419, 433, 166 S.E. 550, 555 (1932).

Despite these concerns, in *Womack v. Eldridge*, 215 Va. 338, 210 S.E. 2d 145 (1974), the Supreme Court of Virginia recognized "a cause of action . . . for emotional distress, unaccompanied by physical injury." *Id.* at 34, 210 S.E.2d at 148. To prevent possible abuse, however, the Court placed tight reins on the new tort. The Court required proof of four elements:

3

> One, the wrongdoer's conduct was intentional or reckless. This element is satisfied where the wrongdoer had the specific purpose of inflicting emotional distress or where he intended his specific conduct and knew or should have known that emotional distress would likely result. Two, the conduct was outrageous and intolerable in that it offends against the generally accepted standards of decency and morality. This requirement is aimed at limiting frivolous suits and avoiding litigation in situations where only bad manners and mere hurt feelings are involved. Three, there was a causal connection between the wrongdoer's conduct and the emotional distress. Four, the emotional distress was severe.

*Id.* Further, the injury must be "extreme emotional distress that is so severe that no reasonable person could be expected to endure it." *Russo v. White*, 241 Va. 23, 28, 400 S.E.2d at 160, 163 (1991). In a further step to insure that plaintiffs do not abuse the tort, the Court has required that each of the four elements be proved by "clear and convincing evidence." *Id.* at 26, 400 S.E.2d at 162.

The plaintiff's allegations fail to satisfy the outrageousness requirement of the tort. The alleged conduct must be "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Id.* at 27, 400 S.E.2d at 162 (quoting *Ruth v. Fletcher*, 237 Va. 366, 368, 377 S.E.2d 412, 413 (1989)). This element "is aimed at limiting frivolous suits and avoiding litigation in situations where only bad manners and mere hurt feeling are involved." *Ruth*, 237 Va. at 368, 377 S.E.2d at 413.

The Supreme Court of Virginia has explained that mere tortious conduct is not bad enough. Neither is criminal conduct. Even if the defendant intended to inflict emotional distress, and was actuated by malice toward the victim, the conduct does not cross the line to outrageousness and intolerability. *Russo*, 241 Va. at 27, 400 S.E.2d at 162.

Rather, the conduct must be so egregious "as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.*

4

(internal quotation marks omitted). Only the worst conduct can satisfy the outrageousness element of the tort.

The conduct of McNichol simply does not satisfy the clear law in this area. McNichol's grabbing his testicles and referring to them as nuts for the plaintiff was sexually suggestive in a juvenile way. His statement that he wanted to have sexual intercourse with customers was at worst an unwanted glimpse of his libido. His conduct that he would make her life "hell" is the threat of a minor bully. Sending her messages inquiring about the plaintiff's contact with management is not offensive at all. Viewed collectively, McNichol's conduct, while tasteless, does not go beyond all possible bounds of decency, is not atrocious, and is not utterly intolerable in a civilized community. No claim has been stated against McNichol, and the case will be dismissed as to him.

At this stage of the litigation, the Court assumes that Autozoners is liable for the actions of McNichol, its store manager. In addition to McNichol's conduct discussed above, Autozoners is allegedly responsible for the plaintiff's transfer to another store, reduction of her hours of work, and written reprimands that were uncalled for. While these actions were, perhaps, unfair to the plaintiff, even when added to McNichol's conduct they do not reach the high standard of outrageousness.

Thus, the Court concludes that Hall has not alleged the elements of reckless infliction of emotional distress with sufficient factual support to satisfy the pleadings standards set forth by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). The Court therefore DISMISSES in its entirety Count Two of the Amended Complaint, which alleges a claim of infliction of emotional distress as to both Autozoners and McNichol. The Court GRANTS Autozoners' motion for partial judgment on the pleadings. The remaining

claim in the Amended Complaint is asserted against Autozoners only. The Court therefore DISMISSES McNichol as a party to the case.

The Court will enter an appropriate order.

/s/ John A. Gibney, Jr
United States District Judge

Date: June 13, 2011
Richmond, VA